NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOGESHKUMAR PATEL, | No.   19-17095 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00860-JD |
| v. | |
| TRACY RENAUD, in her official capacity, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security[1]; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted March 10, 2021**
San Francisco, California

---

[1] On January 20, 2021, Tracy Renaud replaced Kenneth T. Cuccinelli, II as the temporary head of USCIS and was automatically substituted as a defendant. *See* Fed. R. App. P. 43(c).  Other defendants have been similarly substituted.

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GOULD and FRIEDLAND, Circuit Judges, and ERICKSEN,*** District Judge.

Plaintiff Yogeshkumar Patel, a U.S. citizen, filed a family-sponsored visa petition for his wife, Maimi Murakami, a noncitizen. United States Citizenship and Immigration Services ("USCIS") denied the petition because, pursuant to the Adam Walsh Child Protection and Safety Act ("AWA"), Pub. L. No. 109-248, 120 Stat. 587 (2006), it could not conclude that Patel, who had served three years in prison for a sex offense against a minor, posed "no risk" to his wife.[2] Patel sued in district court, alleging multiple constitutional violations, and the district court dismissed Patel's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[3]

Patel first contends that, because the AWA took effect after he committed the crime at issue, the government violated the Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3, by applying the AWA to his petition. We disagree. As the district

---

[***] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

[2] In 2004, Patel was convicted of using the internet to induce minors to engage in sexual activity. Patel does not dispute that his conviction qualifies as a "specified offense against a minor" under the AWA. *See* 34 U.S.C. § 20911(7); 8 U.S.C. § 1154(a)(1)(A)(viii)(II).

[3] Patel raised substantive and procedural due process claims in the district court, but he does not challenge the dismissal of those claims on appeal, so we do not address them here.

court correctly concluded, this argument is foreclosed by our decision in *Gebhardt v. Nielsen*, 879 F.3d 980 (9th Cir. 2018). In *Gebhardt*, we held that applying the AWA to situations in which the crime predated the AWA's enactment did not violate the Ex Post Facto Clause. *Id.* at 987. Patel attempts to distinguish *Gebhardt* by pointing out that the plaintiff in that case filed petitions for his wife *and her three children*, whereas Patel only petitions for legal status for his wife. *See id.* at 983. According to Patel, because the AWA is directed first and foremost at protecting *children* and his wife is an adult, the Ex Post Facto analysis is different in his case. But in *Gebhardt,* our analysis did not distinguish the wife from the three children, or otherwise suggest that the analysis hinged on the age of the visa beneficiary. *See id.* at 986-87.

Patel's separate retroactivity argument also fails. The AWA addresses "dangers that arise postenactment" and therefore operates prospectively. *Cf. Vartelas v. Holder*, 566 U.S. 257, 271 n.7 (2012) (explaining that "laws prohibiting persons convicted of a sex crime against a victim under 16 years of age from working in jobs involving frequent contact with minors . . . do not operate retroactively" because "they address dangers that arise postenactment"); *Gebhardt*, 879 F.3d at 986 (explaining that the AWA created a "civil, non-punitive scheme" that "focuses on prevention—not punishment"); *United States v. Elk Shoulder*, 738 F.3d 948, 957 (9th Cir. 2013) ("[S]tatutes imposing requirements on previously

3

convicted individuals in order to address 'dangers that arise postenactment' are not retroactive." (quoting *Vartelas*, 566 U.S. at 271 n.7)).

Lastly, Patel's equal protection claim was correctly dismissed for lack of subject matter jurisdiction under *Gebhardt*, 879 F.3d at 988-89.[4] Patel contends the AWA impermissibly distinguishes between petitioners who have qualifying convictions and visa *beneficiaries* who have qualifying convictions. But this is the wrong point of comparison. The AWA only differentiates petitioners who have been convicted of a "specified offense against a minor" from those who have not, so convicted sex offenders is the relevant classification for an equal protection challenge. *See* 8 U.S.C. § 1154(a)(1)(A)(viii). Because the law creates "a classification neither involving fundamental rights nor proceeding along suspect lines," it is subject to rational basis review. *Heller v. Doe*, 509 U.S. 312, 319 (1993). The AWA easily satisfies this low standard, as Congress could have determined that sex offenders are more likely to pose a risk to family members and

---

[4] In his Second Amended Complaint, Patel mistakenly brought his equal protection challenge under the Fourteenth Amendment, which only applies to state actors, as opposed to the Fifth Amendment, which encompasses a guarantee of equal protection and which applies to the federal defendants in this action. We construe Patel's equal protection claim as though it were brought under the Fifth Amendment, and the change does not impact our equal protection analysis. *See Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975) ("This Court's approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment.").

therefore should be required to make an affirmative showing that they pose "no risk" to the intended visa beneficiary before regaining the privilege of applying for a family-sponsored visa. That the law is imperfect does not make it irrational. *See Vance v. Bradley*, 440 U.S. 93, 108 (1979) ("Even if the classification involved here is to some extent both underinclusive and overinclusive, and hence the line drawn by Congress imperfect, it is nevertheless the rule that in a case like this perfection is by no means required." (quotation marks omitted)). Accordingly, we hold that Patel's equal protection claim is not colorable and was appropriately dismissed under Rule 12(b)(1). *Cf. Gebhardt*, 879 F.3d at 988-89 (holding we lack jurisdiction to review non-colorable constitutional claims challenging the AWA and affirming dismissal of substantive and procedural due process challenges to the AWA under Rule 12(b)(1) because neither claim was colorable).

**AFFIRMED.**